The STATE of Texas, Appellant,

v.

Johnny Horace SAVAGE, III, Appellee.

No. 04–94–00036–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1994.

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for appellant.

George Scharmen, Dick Ryman, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and HARDBERGER, JJ.

### OPINION

PER CURIAM.

Appellee was charged with the offense of driving while intoxicated. Following a full trial on the merits, a jury returned a verdict of guilty. The trial court thereafter invited appellee to file a motion for judgment non obstante veredicto. Appellee complied, filing a motion seeking judgment non obstante veredicto on the ground that the verdict was not supported by the evidence. The court granted the motion and the State now seeks to appeal.

Appellee has filed a motion to dismiss the State's appeal, contending that it is an appeal from a judgment of acquittal and is not authorized by law. The State's position is that the order entered by the trial court is, in effect, an arrest of judgment, appeal from which is specifically authorized by article 44.01 of the code of criminal procedure. *See* Tex.Code Crim.Proc.Ann. art. 44.01(a)(2) (Vernon Supp.1994).

The label attached to a motion or order does not determine its appealability. *See State v. Moreno,* 807 S.W.2d 327, 332 (Tex.Crim.App.1991). An appellate court, in determining its jurisdiction, must look to the effect of the court's order, not simply what the motion or order has been labelled. *See State v. Evans,* 843 S.W.2d 576, 577 (Tex. Crim.App.1992); *State v. Moreno,* 807 S.W.2d at 333. Thus, we look beyond the label "motion for judgment non obstante veredicto" to determine whether the motion and order actually effected an arrest of judgment.

The rules of appellate procedure define a motion in arrest of judgment as "an oral or written suggestion to the trial court by an accused that judgment was not rendered against him in accordance with law for reasons stated in the motion." Tex.R.App.P. 33(a). The grounds upon which a motion to arrest judgment may be brought are "a ground provided for an exception to substance of an indictment or information or that in relation to the indictment or information a verdict is defective in substance, or any other reason that renders the judgment invalid." Tex.R.App.P. 33(b). An arrest of judgment cannot, however, be based on the proof offered at trial. *United States v. Sisson,* 399 U.S. 267, 280–82, 90 S.Ct. 2117, 2124–26, 26 L.Ed.2d 608, (1970). Rather, an arrest of judgment must be based on the "face of the record"—the indictment, plea, verdict, and sentence. *Sisson,* 399 U.S. at 281 n. 10, 90 S.Ct. at 2125 n. 10.

Appellee's motion for judgment non obstante veredicto states as grounds for relief: "The evidence in this case is insufficient to support the allegations in the information. The verdict is not supported by the facts of the case." These grounds required that the trial court look beyond the "face of the record" to the proof adduced at trial. The motion cannot be construed to be a motion for arrest of judgment.

Although the court's order cannot be construed to be an arrest of judgment, we still look beyond the label given by appellee and the trial court to determine whether it is, in fact, an appealable order. *See State v.*

*Evans,* 843 S.W.2d at 577; *State v. Moreno,* 807 S.W.2d at 333. We conclude that the order was in the nature of an order granting a motion for new trial and is thus appealable under article 44.01(a)(3). Upon appellee's motion, the court considered the sufficiency of the evidence after the jury had reached its verdict and determined that the evidence was insufficient to support that verdict. The effect of the court's actions is indistinguishable from the effect of granting a motion for new trial based on sufficiency of the evidence. *See Moore v. State,* 749 S.W.2d 54, 58 (Tex.Crim.App.1988) (granting of motion for new trial on sufficiency grounds leads to judgment of acquittal).[1]

■ Appellee urges that a trial court may grant a directed verdict at any time, *State v. Westergren,* 707 S.W.2d 260 (Tex.App.—Corpus Christi 1986, orig. proceeding), and that this decision is "unreviewable" in a criminal case, *State v. Garza,* 774 S.W.2d 724, 726 (Tex.App.—Corpus Christi 1989, pet. ref'd). We need not determine whether the *Westergren* court properly determined that a trial court in a criminal case may grant a directed verdict or judgment non obstante veredicto.[2] As stated above, the order is in the nature of an order granting a motion for new trial and will be treated as such. *See State v. Evans,* 843 S.W.2d 576 (Tex.Crim.App.1992) (order granting motion to withdraw plea treated as order granting motion for new trial); *State v. Garza,* 774 S.W.2d 724 (Tex.App.—Corpus Christi 1989, pet. ref'd) (order granting post-verdict mistrial treated as order granting motion for new trial).

In any event, appellee misrepresents the holding of the Corpus Christi court concerning reviewability of a directed verdict. The court in *Garza* specifically stated that the decision of the trial judge in *Westergren* to render a judgment of acquittal following a jury verdict of guilty was "effectively unreviewable" because the State had no right to appeal at the time that case was decided. *State v. Garza,* 774 S.W.2d at 726. The court went on to acknowledge that the legislature has now granted the State a limited right to appeal. *Id.*

■ Appellee next asserts that double jeopardy principles preclude an appeal by the State in this case. "Jeopardy attaches in a jury trial when the jury is impaneled and sworn." *Alvarez v. State,* 864 S.W.2d 64, 65 (Tex.Crim.App.1993); *see also Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978). Considering that the jury was not only impaneled and sworn, but also heard the evidence and returned a verdict, there is no doubt that jeopardy attached in the present case. Even so, double jeopardy does not bar the State's appeal.

---

1. While the holding of *Moore*—that once a motion for new trial is granted solely on sufficiency grounds the only further action permitted is entry of a judgment of acquittal—seems to support appellee's argument that the present order is not appealable, we note that the motion for new trial in *Moore* was granted before the State was given the right to appeal. *See State v. Davenport,* 866 S.W.2d 767, 770 n. 5 (Tex.App.—San Antonio 1993, no pet.). Since that time the courts have entertained State's appeals from orders granting motions for new trial on the basis of insufficiency of the evidence. *See e.g., Stacy v. State,* 819 S.W.2d 860 (Tex.Crim.App.1991) (guilty pleas); *State v. Charlton,* 847 S.W.2d 443 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (jury trial); *State v. Davenport,* 866 S.W.2d 767 (Tex.App.—San Antonio 1993, no pet.) (bench trial); *State v. Daniels,* 761 S.W.2d 42 (Tex.App.—Austin 1988, pet. ref'd) (bench trial).

2. The court in *Westergren* held that a trial court has the power and authority to grant a directed verdict (or judgment non obstante veredicto) following a jury verdict of guilty. It relied on civil cases, however, for that conclusion, and it has not been cited since its issuance for that proposition.

We note that there is no provision in law for a judgment non obstante veredicto in a criminal case. Appellee relied at trial on rule 301 of the rules of civil procedure. Those rules, as should be apparent from their very title, apply to *civil* actions. *See* TEX.R.CIV.P. 2 ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature.") On the contrary, a trial court in a criminal case

> is without authority to render judgment *non obstante veredicto,* unlike on the civil side. See *Combes v. State,* 162 Tex.Cr.R. 482, 286 S.W.2d 949, at 950 (1956); *Hardy v. State,* 159 Tex.Cr.R. 54, 261 S.W.2d 172, at 174 (1953) (no authority to receive verdict and refuse to abide by it); *Cagle v. State,* 147 Tex.Cr.R. 140, 179 S.W.2d 545–546 (1944); *Castro v. State,* 118 Tex.Cr.R. 53, 42 S.W.2d 779, at 780, 781–782 (1931).

*Bigley v. State,* 865 S.W.2d 26, 31 (Tex.Crim.App. 1993) (Clinton, J., dissenting).

The law is clear that a verdict of acquittal may not be reviewed "regardless of how egregiously wrong the verdict may be." *State v. Moreno,* 807 S.W.2d at 332 n. 6. This is because the double jeopardy clause "protects against successive prosecutions for the 'same offense' following acquittal...." *State v. Houth,* 845 S.W.2d 853, 856 (Tex. Crim.App.1992); *accord Iglehart v. State,* 837 S.W.2d 122, 127 (Tex.Crim.App.1992). A reviewing court, even if it were to find reversible error, would have no authority to order a retrial in such circumstances.

Whether double jeopardy bars appeal from post-verdict rulings by the trial court was presented to the United States Supreme Court in *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) (defendant convicted by jury; court later dismissed indictment). The Court concluded that "the constitutional protection against Government appeals attaches only where there is a danger of subjecting the defendant to a second trial for the same offense...." *Wilson,* 420 U.S. at 336, 95 S.Ct. at 1018.

[W]e continue to be of the view that the policies underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a *verdict* of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; .... [Such] interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions. We therefore conclude that *when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.*

*Id.* at 352–53, 95 S.Ct. at 1026–27 (emphasis added).

In remanding the case to the court of appeals for consideration on the merits of the government's appeal, the Court declared, "If [Wilson] prevails on appeal, the matter will become final, and the Government will not be permitted to bring a second prosecution.... If he loses, the case must go back to the District Court for disposition of his remaining motions." *Id.* at 353, 95 S.Ct. at 1026; *see also United States v. Jenkins,* 420 U.S. 358, 365, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250 (1975) (when jury returns "guilty" verdict but trial court enters judgment of acquittal, appeal is permitted because upon conclusion by appellate court that judgment of acquittal was improper, error can be corrected by remand for entry of judgment on the verdict), *overruled on other grounds, United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

█ The *verdict* in the present case was not one of acquittal, but of guilt. The trial court's post-verdict determination that the evidence was not sufficient to support the verdict was a ruling on a matter of law. *See State v. Daniels,* 761 S.W.2d at 45 (motion for new trial based on insufficiency of evidence presents legal rather than factual question). This is necessarily so because the jury was the sole trier of fact; the trial court had no power or authority to simply usurp the jury's fact-finding function.

As in *Wilson,* appellate review of the order at issue does not infringe upon appellee's double jeopardy rights. If, upon review of the merits of the appeal, this court holds that the trial court did not err in granting appellee's motion, the order will be affirmed and a judgment of acquittal entered (unless, of course, the State seeks further review from the court of criminal appeals). If this court holds that the trial court reversibly erred in granting appellee's motion, we would not need to remand for a new trial. Rather, we would simply render the judgment that the trial court should have rendered—a judgment of conviction upon the jury's verdict—and order the cause remanded for sentencing. *See* Tex.R.App.P. 80(b) (court of appeals may render judgment court below should have rendered). Because appellee would not be faced with a retrial or successive prosecution, there is no double jeopardy bar.

Appellee also contends that once the trial court granted the judgment non obstante veredicto, the court lost jurisdiction of the case and "the State's notice of appeal was a nullity because there was nothing left to appeal." The case cited for this proposition, *Garcia v. Dial,* 596 S.W.2d 524 (Tex.Crim. App.1980), is inapposite. That case involved an attempt by a trial court to reinstate a criminal prosecution after it had dismissed the action for violation of the Speedy Trial Act. The court of criminal appeals held that once a trial court sustains a motion to dismiss an indictment or information, there is no jurisdiction remaining in the dismissing court. *Id.* at 528. The court did *not* address the appealability of a ruling dismissing a charging instrument, very likely because at the time of that opinion the State had no right to appeal. Appellee's extension of *Garcia* to mean that following a dismissal there is "nothing left to appeal" cannot be supported in law or in logic. Indeed, article 44.01 specifically grants the State the right to appeal an order that dismisses an indictment, information, or complaint. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1994).

Finally, appellee asserts that the present appeal is barred by the court of criminal appeals' recent opinion in *Taylor v. State,* 886 S.W.2d 262 (Tex.Crim.App.1994). The defendant in *Taylor* obtained a favorable pretrial ruling on his entrapment defense and the court dismissed the prosecution against him with prejudice. The State attempted to appeal under article 44.01(a)(1)— dismissal of an indictment. The court held that the order dismissing the prosecution on the ground of entrapment was an order in the nature of acquittal rather than an order dismissing an indictment and is not appealable under article 44.01(a)(1).

*Taylor* is distinguishable from the present case. In assessing a pretrial claim of entrapment, the trial court is the trier of fact and is authorized to weigh the evidence. *Taylor,* 886 S.W.2d at 265. It then determines from the facts, as it has found them to be, the legal issue of whether the facts constitute entrapment. Thus, in *Taylor,* the only factual finding and legal conclusion was that the State had failed to disprove entrapment beyond a reasonable doubt. This is akin to a *verdict* of acquittal as discussed in *Wilson.* If a reviewing court were to determine that the evidence did not support the finding of entrapment, the case would be remanded for trial and the issue would have to be relitigated. This presents double jeopardy concerns not implicated in the present situation. As discussed above, in this case there is an existing finding by the trier of fact that the State proved appellant's guilt beyond a reasonable doubt—a *verdict* of guilty. Reversal on appeal of the trial court's order would not result in relitigation of that issue.

We hold that the order granting appellee's motion for judgment non obstante veredicto is, in effect, an order granting a motion for new trial. Article 44.01(a)(3) specifically grants the State the right to appeal such an order. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2) (Vernon Supp.1994). Appellee's motion to dismiss is denied.