**The STATE of Texas, Appellant,**

v.

**Johnny Horace SAVAGE, III, Appellee.**

**No. 866–95.**

Court of Criminal Appeals of Texas.

Nov. 6, 1996.

George Scharmen, San Antonio, for appellant.

Margaret M. Fent, Assist. District Attorney, San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

A jury convicted the appellee, John Savage, of Driving While Intoxicated (DWI) pursuant to Tex. Pen.Code Ann. § 49.04 (Vernon 1995). *State v. Savage,* 905 S.W.2d 268, 269 (Tex.App.—San Antonio 1994, *pet. granted* ). At the trial court's bequest, however, the appellee moved for, and was granted, a judgment non obstante veredicto (JNOV). *Id.* The State appealed the trial court's decision contending that a JNOV "is, in effect, an arrest of judgment" from which the State may appeal under Tex.Code Crim. Proc. Ann. art. 44.01(a)(2) (Vernon Supp.1994). *Id.* The Fourth Court of Appeals held that although a JNOV is not the functional equivalent of an arrest of judgment, it may be equated with an order granting a new trial; an order which the State may appeal under Tex.Code Crim. Proc. Ann. art. 44.01(a)(3) (Vernon Supp.1994). *Id.* In a subsequent hearing on the merits of the State's appeal, moreover, the Court of Appeals held that there was sufficient evidence to support the jury's verdict of guilt and reversed the trial court's JNOV ruling. *State v. Savage,* 905 S.W.2d 272, 274–75 (Tex.App.—San Antonio 1995, *pet. granted* ).

We granted discretionary review to assess the validity of the actions taken by the courts below.[1] To evaluate the legitimacy of

---

1. The appellee's petition for discretionary review was actually granted on the following three grounds:

the prior proceedings, we must consider, first of all, whether the trial court had authority to grant a JNOV in a criminal case.[2] After a careful evaluation of relevant statutory provisions and case law, we conclude that the trial court had no such authority.

Rule 301 of the Texas Code of *Civil* Procedure does allow trial courts to "render judgment non obstante veredicto if a directed verdict would have been proper." TEX.R. CIV. P. 301. The Texas Code of *Criminal* Procedure, however, supplies trial judges with no such general power of abrogation in criminal cases. Article 42 of the Code of *Criminal* Procedure, in fact, dictates that the judgment of the court *must reflect* either "the verdict or verdicts of the jury" in a jury trial or the "finding or findings of the court" in a bench trial. TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1(7) (Vernon 1995). Therefore, the trial court does not have the authority to grant a different judgment—a judgment non obstante veredicto—than that rendered by the jury. Indeed, this Court has held that in criminal trials the court "may not receive a verdict ... and enter another and different judgment from that called for by the verdict." *Combes v. State,* 162 Tex.Crim. 482, 286 S.W.2d 949, 950 (1956); *see also Bigley v. State,* 865 S.W.2d 26, 31 (Tex.Cr.App.1993) (Clinton, J., dissenting) (stating that trial judges are without authority to grant JNOV judgments). Accordingly, we hold that the trial court's grant of a JNOV in this case was improper.

■ Nevertheless, trial courts do maintain the authority to order new trials for evidentiary insufficiency in criminal cases; a power which is the functional equivalent of granting a JNOV in a civil case. Therefore, when a jury returns a guilty verdict and the trial court grants the defendant's motion for new trial based upon insufficiency of the evidence under Texas Rule of Appellate Procedure 30(b)(9), double jeopardy prevents the trial court from entering any other judgment than an acquittal. TEX.R.APP. P. 30(b)(9); *Moore v. State,* 749 S.W.2d 54, 58 (Tex.Cr.App. 1988); *see also Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978) (holding that the jeopardy clause bars retrial when the prosecution failed to supply sufficient evidence to merit conviction). Therefore, a trial court's JNOV ruling after a jury determination of criminal guilt accomplishes exactly the same effect as granting the defendant a new trial for insufficient evidence—a functional acquittal.

■ As the Fourth Court of Appeals points out, moreover, we have held that when an order is the functional equivalent of granting a motion for new trial, the reviewing court can look past the label assigned to the order by the trial court and treat the order as a motion for new trial. *State v. Evans,* 843 S.W.2d 576, 577 (Tex.Cr.App.1992). Article 44.01(a)(3) of the Texas Code of Criminal Procedure expressly allows the State to appeal any trial court's grant of a new trial. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon 1995); *cf. Stacy v. State,* 819 S.W.2d 860, 861 (Tex.Cr.App.1991) (allowing the State to appeal a trial court's grant of new trial based on insufficient evidence). Under our holding in *Evans,* therefore, the State had the right to appeal the trial court's JNOV ruling as the functional equivalent of an order granting a new trial for insufficient evidence.

■ Importantly, our holding in no way runs afoul of double jeopardy principles.[3]

(1) Is a judgment non obstante veredicto a directed verdict?
(2) Did the Court of Appeals apply Article 44.01(a)(3) unconstitutionally under Article I, Section 14 of the Texas Constitution by ruling that the State had a right to appeal a trial court's order which dismissed the case for insufficient evidence?
(3) Did the Court of Appeals apply Article 44.01(a)(3) unconstitutionally under the Fifth and Fourteenth Amendments to the United States Constitution by ruling that the state had a right to appeal a trial court's order which dismissed the case for insufficient evidence?

**2.** The appellee's first ground for review essentially asks whether a JNOV order represents a verdict of not guilty. To answer this question, we must explore the limits of trial courts' post-verdict authority in criminal cases.

**3.** In effect, the appellee's second and third grounds for review merely question whether State or Federal jeopardy principles were violated by allowing the State to appeal the trial court's JNOV order under Article 44.01(a)(3) of the Code of Criminal Procedure.

Double jeopardy "protects against successive prosecutions for the 'same offense' following acquittal...." *State v. Houth,* 845 S.W.2d 853, 856 (Tex.Cr.App.1992). This means that a *verdict of acquittal* may not be reviewed "regardless of how egregiously wrong the verdict may be." *State v. Moreno,* 807 S.W.2d 327, 332 n. 6 (Tex.Cr.App.1991).

As the Court of Appeals noted, the United States Supreme Court has upheld the appealability of post-verdict judgments. *See United States v. Wilson,* 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975) (holding that double jeopardy does not bar the prosecution's appeal of a trial court's ruling which overturns a jury's guilty verdict). The trial court's JNOV ruling in the case at hand constituted a *post-verdict ruling* as a matter of law, not an actual verdict of acquittal. *State v. Savage,* 905 S.W.2d 268, 271 (Tex. App.—San Antonio 1994, *pet. granted* ); *see also* State v. Daniels, 761 S.W.2d 42, 45 (Tex.App.—Austin 1988, *pet. refused* ). Therefore, appellate review of a trial court's post-verdict JNOV ruling represents a constitutionally permissible evaluation of legal sufficiency, not a prohibited successive prosecution for the same offense. *Id.* In short, double jeopardy was not offended.

Texas Rule of Appellate Procedure 80(b) expressly allows our appellate courts to render the judgment the court below should have rendered—in this case, a judgment of conviction upon the jury's verdict. TEX. R.APP. P. 80(b). Accordingly, the Fourth Court of Appeals was authorized to overrule the trial court's legal conclusion as to the sufficiency of the evidence and reinstate the jury's verdict. The judgment of the Court of Appeals is affirmed.

OVERSTREET, J., dissents.

CLINTON, Justice, dissenting.

I agree that the trial court lacked authority to enter a so-called judgment non obstante veredicto in this cause, for essentially the reasons the Court gives in its opinion today. Moreover, I agree that under *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), it would not violate Fifth Amendment double jeopardy protections for an appellate court to say so, and to remand the cause with orders that the trial court proceed to judgment on the verdict the jury rendered. But I regard these as mere advisory opinions on my part. The reason I take this attitude is that in my view the court of appeals had no occasion in this cause to decide whether the evidence was sufficient to support the jury's verdict because it had no authority to entertain the State's appeal at all. For this reason I cannot permit myself to join the Court's opinion.

After the jury returned its verdict in this cause, appellee filed a "Motion For Judgment Non Obstante Verdicto." There he argued that the evidence was legally insufficient to support the jury's guilty verdict. The trial court signed an attached order granting appellee's motion. No subsequent judgment of acquittal appears to have been entered pursuant to Article 42.01, V.A.C.C.P., however. The State filed a notice of appeal from the order granting the judgment non obstante veredicto. The court of appeals concluded this was an appealable order. *State v. Savage,* 905 S.W.2d 268, 270 (Tex.App.—San Antonio 1994). This Court now affirms the judgment of the court of appeals, ratifying its conclusion that the State was authorized to appeal the trial court's order. The Court holds that the trial court's order was appealable because it amounted to the "functional equivalent" to an order granting a motion for new trial predicated on legally insufficient evidence. I disagree, for two reasons. First, I cannot agree that a purported judgment non obstante veredicto is in fact functionally the same as a motion for new trial, even one based upon a claim of legally insufficient evidence. Second, even if the two were indeed "functionally equivalent," I do not believe Article 44.01(a)(3), V.A.C. C.P., entitles the State to appeal a motion for new trial granted for insufficient evidence anyway.

Prior to constitutional amendment in 1987, Article V, Section 26 of the Texas Constitution conferred upon the State "no right of appeal in criminal cases." The 1987 amendment "entitled" the State "to appeal in criminal cases, as authorized by general law." That authorization may be found in Article

44.01, V.A.C.C.P. Nowhere in Article 44.01 does one find any authorization for the State to appeal from a judgment non obstante veredicto. Of course this is not surprising since, as the majority convincingly demonstrates, there is no such animal in our criminal procedure. One would not expect the Legislature to have thought expressly to authorize the State to appeal from an adverse ruling on such a motion. Nevertheless, there we are. The State is not entitled to appeal from a purported order granting a motion for judgment non obstante veredicto.

The Court side-steps this conundrum by ruling that a purported judgment non obstante veredicto is enough like a motion for new trial raising legal sufficiency of the evidence that the court of appeals was justified in treating it as one for purposes of determining the State's entitlement to appeal in this cause. The majority cites *State v. Evans*, 843 S.W.2d 576 (Tex.Cr.App.1992) for this proposition. But there is a glaring contradiction in the Court's reasoning. The Court fails to explain why a judgment non obstante veredicto ought to be treated like a motion for new trial for purposes of deciding the State's right to appeal, but like a different creature altogether when it comes to deciding whether a trial court has authority to enter one. The Court cannot have it both ways.

The Court holds a trial court has no authority to grant a judgment non obstante veredicto because Article 42.01, Section 1(7) dictates that the judgment reflect the verdict of the jury in a jury trial. There is indeed long-standing precedent to this effect. See *Bigley v. State*, 865 S.W.2d 26, at 31 (Tex.Cr. App.1993) (Clinton, J., dissenting), and authorities cited therein. A trial court is simply without authority to enter a judgment that does not abide by the jury's verdict. Because a judgment non obstante veredicto ignores the jury verdict, it is not authorized by law.

A motion for new trial *is* authorized by law, however. Tex.R.App.Pro., Rules 30–32. And we have seen such motions granted on the basis of claims of legally insufficient evidence, as in *Moore v. State*, 749 S.W.2d 54 (Tex.Cr.App.1988).[1] A trial court granting a motion for new trial on this basis properly acquits the defendant, since actually ordering a second trial would violate double jeopardy.[2] Nevertheless, an order granting a new trial on the basis of legally insufficient evidence may be appealed, the Court assumes, under Article 44.01(a)(3). A judgment non obstante veredicto also results in an acquittal. In this respect it is like a motion for new trial based upon legally insufficient evidence, and thus,

---

1. Since our opinion was handed down in *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996), it has occurred to me that it may be a mistake to construe Rule 30(b)(9) to authorize trial court consideration of legal sufficiency of the evidence on motion for new trial. After all, a finding of legally insufficient evidence does not properly lead to the *granting* of a motion for new trial—that in itself would violate the double jeopardy prohibition against successive prosecutions for the same offense. Perhaps we should construe the language of Rule 30(b)(9), *viz:* "the verdict is contrary to the law and the evidence," as authorizing a post-judgment inquiry at the trial court level into the *factual* sufficiency of the evidence, the proper remedy for which would be, in fact, a new trial—just as when an appellate court reverses a jury verdict as against the greater weight and preponderance of the evidence. Of course we need not address this question today, and I express no ultimate opinion on the matter here.

2. In *Moore v. State*, supra, at 58, we observed:

"that once the trial judge grants a motion for new trial based solely on insufficiency of the evidence, the only further action permitted by the Double Jeopardy Clause is the entry of a judgment of acquittal. To allow a trial judge to change his ruling and deny the motion having once granted it is, in our view, just as violative of the Double Jeopardy Clause as allowing a trial judge to change his ruling and find a defendant guilty having once found him not guilty."

It must be remembered, of course, that *Moore* involved a trial before the court, not a jury trial. In a jury trial it would not necessarily violate double jeopardy to allow a trial court to reverse itself on an order on a motion for new trial that granted an acquittal on the basis of legally insufficient evidence. For it is clear that in that event, the jury's guilty verdict could be reinstated, and no successive prosecution would take place. Cf. *United States v. Wilson*, supra (no jeopardy violation to allow appellate review of post-verdict acquittal order, since reinstatement of jury's verdict obviates second trial). In any event, what is absolutely clear is that ordering a second trial because the evidence at the first was legally insufficient is the epitome of a double jeopardy violation.

reasons the Court, the State may appeal it accordingly. Majority op. at 3.

But if there is truly no substantive difference between a judgment non obstante veredicto and a motion for new trial raising legally insufficient evidence, why can we not simply call what the trial judge did in this cause the granting of a motion for new trial, and say by that account it was authorized? I do not understand why we should "look to the effect of the trial court order rather than the title of the motion" for purposes of deciding whether something is a ruling on a motion for new trial, and therefore appealable by the State, *State v. Evans,* supra at 577, but not when we determine whether the trial court has authority to entertain the motion in the first place. If the trial court's ruling in this cause really is the "functional equivalent" of an order granting a new trial for insufficient evidence, then what prevents the trial court from so ruling, under Rule 30(b)(9)?

The answer is that a so-called judgment non obstante veredicto is *not* the same as a motion for new trial. I agree there is no such thing as a judgment non obstante veredicto in Texas criminal jurisprudence. But, were it authorized, by definition a judgment non obstante veredicto would occur prior to entry of a judgment on the jury's verdict. By contrast, a motion for new trial, which *is* expressly authorized by the Rules, cannot be entertained prior to entry of a judgment on the jury's verdict. Ironically, the reason a motion for new trial must come after judgment on the jury's verdict is the same reason that judgments non obstante veredicto do not exist in Texas criminal procedure, *viz:* the trial court has no discretion but to enter a judgment on the jury's verdict. A motion for new trial for this reason must come *after* entry of a judgment on the verdict. While it

has some of the same consequences as the mythical judgment non obstante veredicto, a motion for new trial based on legally insufficient evidence is not at all the same thing. It simply cannot reasonably be said that appeal is authorized under Article 44.01(a)(3) because a judgment non obstante veredicto is the same as a motion for new trial.

In any event, even if it could reasonably be said that the two were "functional equivalents," the State is still not entitled to appeal the judgment in this cause. Article 44.01(a)(3), by its plain terms, authorizes a State's appeal of an order that "grants a new trial." Notwithstanding the nomenclature, a motion for new trial alleging legally insufficient evidence is not really a motion seeking a new trial at all, and it would be most anomalous for the trial court to grant that form of relief.[3] *Moore v. State,* supra. Indeed, the trial court in this cause did not grant appellee a new trial. The court of appeals observed that it is proper to look beyond "[t]he label attached to a motion or order [to] determine its appealability." *State v. Savage,* supra at 269. Looking beyond the label of a motion for new trial predicated on legally insufficient evidence, we see that it does not ask the trial court to grant a new trial, but a judgment of acquittal.[4] Article 44.01(a)(3) does not entitle the State to appeal from such a judgment. We are not authorized to construe a statute contrary to its plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.1991). For this reason, even if a motion for judgment non obstante veredicto is "functionally equivalent" to a motion for new trial alleging legally insufficient evidence, the State was not "entitled" to appeal the order in this cause.

It would be a simple enough matter for the Legislature to amend Article 44.01 to autho-

3. The court of appeals noted our opinion in *Stacy v. State,* 819 S.W.2d 860 (Tex.Cr.App.1991), in support of the observation that courts have entertained State's appeals in the past from adverse orders on motions for new trial based on legally insufficient evidence. It is enough to reply that the State's entitlement to appeal was not the issue in *Stacy,* as it is in the present case. Ordinarily this Court will not reach out on discretionary review to address issues not already raised and resolved in the court of appeals, even issues affecting jurisdiction of the lower appellate

court. *Stacy* cannot be read to endorse the view that Article 44.01(a)(3) entitles the State to appeal from an order of acquittal stemming from a motion for new trial raising legally insufficient evidence. It does not speak to that issue.

4. Whether Rule 30 should be construed to authorize such a motion for new trial is another question, but I need not resolve it today. See n. 1, *ante.*

rize the State to appeal *any* adverse post-verdict ruling. Such an amendment would not run afoul of the Double Jeopardy Clause because a victory for the State on appeal would not entail a second prosecution, only a reinstatement of the original jury verdict. *United States v. Wilson,* supra. But we are not allowed to rewrite the statute in the guise of judicial construction. See *Boykin v. State,* supra; Texas Constitution, Article II, Section 1. Article 44.01 simply does not authorize the State's appeal in this cause.

This is not to say the State is without recourse. The trial court has yet to enter a judgment of acquittal pursuant to its order granting appellee's motion for judgment non obstante veredicto. Because the State has no right to appeal, it has no adequate remedy at law. Moreover, if we are right in our advisory opinion that there is no such creature as a judgment non obstante veredicto on the criminal side, the trial court may have no discretion but to reverse its order and render a judgment in accordance with the jury's verdict of guilty in this cause.[5] In short, at this juncture there is nothing to prevent the State from attempting an application for writ of mandamus and/or prohibition in this matter. *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978). There is some chance the State could prevail in such an action.

As it is, the court of appeals was without jurisdiction to entertain the State's appeal, other than to declare the want of jurisdiction. Because that court was wanting jurisdiction,

it should not have entertained the merits of the State's appeal in this cause. Because the court of appeals lacked jurisdiction to rule on the merits, this Court has no occasion to pass upon them today. We should simply reverse and remand the cause to the court of appeals with instructions to dismiss the State's appeal. See *Morris v. State,* 749 S.W.2d 772, 775 (Tex.Cr.App.1986). Then the State can get on with the business, at its discretion, of filing a petition for writ of mandamus and/or prohibition.

Instead the Court is content to stretch the plain meaning of Article 44.01(a)(3) well beyond the breaking point simply to insure that the State may prevail at its earliest convenience. That is no way to go about saying what the law is. We should require the State to invoke the correct procedural mechanisms, just as we routinely require it of criminal defendants on appeal. This kind of playing favorites does not inspire a great deal of confidence in the impartiality of our supposedly adversarial system of criminal justice. See *Smith v. State,* 898 S.W.2d 838, 872, n. 16 (Tex.Cr.App.1995) (Clinton, J., dissenting). I dissent.

MALONEY and MEYERS, JJ., join.

---

5. In *Moore v. State,* supra at 59, we held that, once having granted a motion for new trial based on legally insufficient evidence, the trial court lost "jurisdiction" to do anything except enter a judgment of acquittal pursuant to Article 42.01. It is arguable that the same could be said of the trial court's granting of appellant's motion for judgment non obstante veredicto in this cause, *viz:* that in granting the motion, the trial court divested itself of jurisdiction to do anything but enter a judgment of acquittal under Article 42.01. If that is so, it may be too late in the day for the State even to mandamus the trial court to undo the effect of its unauthorized judgment non obstante veredicto.

On the other hand, the propriety of raising legal sufficiency on a motion for new trial was not expressly at issue in *Moore.* It may be the case that the State could successfully argue that, since the trial court did not have authority to

entertain a motion for judgment non obstante veredicto, much less grant one, it could not thereby divest itself of jurisdiction as the trial court in *Moore* did. In essence the argument would be that sometimes an acquittal is not an acquittal after all. Cf. *Ex parte George,* 913 S.W.2d 523 at 527 (Tex.Cr.App.1995) (an acquittal is "an official factfinding, usually the verdict of a jury, made in the context of the adversary proceeding, by an individual or group of individuals *with the legal authority to decide the question of guilt or innocence."* (Emphasis supplied)). Because the order by which the trial court in this cause purported to acquit appellee, thus divesting itself of jurisdiction, was itself unauthorized, it was void. Therefore, the trial court retained jurisdiction, and is still subject to a writ of mandamus and/or prohibition. Again, I need not resolve this question today. I simply note that the State has other potential recourse than appeal.