NUMBER 13-05-268-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

THE STATE OF TEXAS,                                                                  Appellant,

 

                                                             v.

 

DOUGLAS C. WRIGHT 

A/K/A C. DOUGLAS WRIGHT,                                                        Appellee.

 

                       On
appeal from the County Court at Law No. 3 

                                       of
Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Yañez

 

C. Douglas Wright was acquitted of driving
while intoxicated.  The State attempts to
appeal the judgment of acquittal.  We
dismiss the appeal for want of jurisdiction.








By statute, the right of appeal afforded to
the State is limited.  See Tex. Code Crim. Proc. Ann. art. 44.01
(Vernon Supp. 2004-05).  Specifically,
article 44.01 of the Texas Code of Criminal Procedure provides that the State
may appeal orders that:

(1)       dismiss an indictment, information or
complaint or any portion of an indictment, information or complaint;

 

(2)       arrest or modify a judgment;

 

(3)       grant a new trial;

 

(4)       sustain a claim of former jeopardy; or

 

(5)       grant a motion to suppress evidence, a
confession, or an admission, if jeopardy has not attached in the case and if
the prosecuting attorney certifies to the trial court that the appeal is not
taken for the purpose of delay and that the evidence, confession, or admission
is of substantial importance in the case.

 

See id. art. 44.01(a).  The State may also
appeal a sentence on the ground that it is illegal and may appeal a ruling on a
question of law if the defendant is convicted and appeals the judgment.  See id. art. 44.01(b), (c).

On its face, the judgment in the instant
case does not fall within one of the above‑listed categories from which
the State is permitted to appeal.  The
Clerk of the Court notified the State that, upon review of the clerk=s record, it appeared that the judgment from
which the appeal was taken was not an appealable judgment.  The Clerk advised the State that if the
defect was not cured within ten days from the date of receipt of this Court=s letter, the appeal would be dismissed.  See Tex.
R. App. P. 42.3.  In its response,
the State does not argue that the instant case falls within one of the
categories of appealable orders listed in article 44.01, but rather argues that
the trial court lacked authority to enter the judgment of acquittal.   The State=s argument fails to bring this appeal within
the purview of the limited rights to appeal recognized by statute.








A verdict of acquittal may not be
reviewed.  State v. Savage, 933
S.W.2d 497, 500 (Tex. Crim. App. 1996). 
This is so "regardless of how egregiously wrong the verdict may
be."  Id.  (quoting State v. Moreno, 807 S.W.2d
327, 332 n.6 (Tex. Crim. App. 1991)); Strong v. State, 87 S.W.3d 206,
213 (Tex. App.BDallas 2002, pet. ref=d). 
Accordingly, this appeal is DISMISSED.

 

                                                             
                                                                                                                     

LINDA REYNA YAÑEZ

Justice

 

 

 

Concurring
memorandum opinion by

Justice
Errlinda Castillo

 

Do
not publish.  Tex. R. App. P. 47.2(b).

 

Memorandum
opinion delivered and filed this 

the
3rd day of January, 2006.