

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00018-CR

---

IN RE THE STATE OF TEXAS

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On January 29, 2015, Erica Lyn Fuller was found guilty by a Lamar County jury of felony theft of property. On Fuller's motion, the Honorable Eric Clifford, District Judge of the 6th Judicial District Court of Lamar County, granted a judgment of not guilty notwithstanding the jury verdict. The State of Texas, through the Lamar County District and County Attorney, has filed a petition for writ of mandamus asking this Court for mandamus relief from the judgment entered by Judge Clifford.

To be entitled to mandamus relief, the relator must show (1) that it has no adequate remedy at law and (2) that what it "seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If the relator fails to show either of these requirements, then relief should be denied. *Id.* When there is "'a clear and adequate remedy at law, such as a normal appeal,'" mandamus relief will be denied. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). To satisfy the second requirement, the relator must show that it has a clear right to the relief it seeks, that is "'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Young*, 236 S.W.3d at 210 (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 947 n.2 (Tex. Crim. App. 1992)).

Here, the State fails to satisfy either requirement. It is true, as the State argues, that the Texas Court of Criminal Appeals has held that a trial court in a criminal case does not have the

2

authority to grant a judgment such as a judgment notwithstanding the verdict, other than that rendered by the jury, and that the entry of such an order is improper. *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(7) (West Supp. 2014). However, the court went on to explain,

> Nevertheless, trial courts do maintain the authority to order new trials for evidentiary insufficiency in criminal cases; a power which is the functional equivalent of granting a JNOV in a civil case. Therefore, when a jury returns a guilty verdict and the trial court grants the defendant's motion for new trial based upon insufficiency of the evidence under Texas Rule of Appellate Procedure 30(b)(9), double jeopardy prevents the trial court from entering any other judgment than an acquittal. . . . Therefore, a trial court's JNOV ruling after a jury determination of criminal guilt accomplishes exactly the same effect as granting the defendant a new trial for insufficient evidence—a functional acquittal.

*Savage*, 933 S.W.2d at 499 (citations omitted). Where the trial court, as in this case, enters a judgment notwithstanding the verdict, we treat it as the functional equivalent of an order granting a motion for new trial for insufficient evidence.[1] *Id.* Thus, although the trial court mislabeled its order, it was within its authority to enter the judgment of acquittal. Therefore, the State has failed to show that it is clearly entitled to relief from the trial court's order.

In addition, the State has an adequate remedy at law by appeal. The State has the right to appeal a trial court's grant of a new trial based on insufficient evidence. *Stacy v. State*, 819 S.W.2d 860, 861 (Tex. Crim. App. 1991) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West Supp. 2014). The State can also appeal orders that are the functional equivalent of a grant of a new trial based on insufficient evidence. *Savage*, 933 S.W.2d at 499.

---

[1]From the limited record supplied by the relator in this case, it is apparent that the basis of the trial court's order was insufficient evidence.

Contrary to the State's argument that an appeal would be prohibited by the Double Jeopardy Clause,[2] double jeopardy does not bar the State's appeal of a trial court's ruling that overturns a jury's guilty verdict. *See United States v. Wilson*, 420 U.S. 332, 336 (1975); *Savage*, 933 S.W.2d at 500. Since the trial court's order is a post-judgment ruling, appellate review of its legal sufficiency evaluation is constitutionally permissible. *Savage*, 933 S.W.2d at 500. Further, the time for a normal appeal by the State has not expired. TEX. CODE CRIM. PROC. ANN. art. 44.01(d) (West Supp. 2014).

The State has failed to demonstrate that it is entitled to mandamus relief. We deny its petition.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 10, 2015
Date Decided:       February 11, 2015

Do Not Publish

---

[2]*See* U. S. CONST. amend. V.