

# NUMBER 13-16-00144-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                                    Appellant,

v.

TIPHANIE RAQUEL TIPPIN,                                                              Appellee.

### On appeal from the 377th District Court of
### Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Longoria

The State appeals the trial court's orders setting aside the jury's conviction and sentence of appellee Tiphanie Raquel Tippin ("Tippin") and deferring adjudication and imposing a term of community supervision. Tippin has also appealed and challenges the court's denial of her pretrial motion to suppress in one issue. We reverse and remand on the State's appeal and dismiss Tippin's appeal.

# I. BACKGROUND

The State charged Tippin by indictment with possession of marijuana in an amount of less than five pounds but more than four ounces, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West, Westlaw through 2015 R.S.). The case was called for trial on March 7, 2016. Before the start of voir dire, Tippin pled guilty before the court. Tippin asked the court to place her on deferred adjudication community supervision, but the State told the court that it was not waiving its right to a jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West, Westlaw through 2015 R.S.).

A jury was empaneled and sworn, and then adjourned for lunch. During the lunch recess, the trial court asked Tippin to reconfirm that she intended to plead guilty and waive her right to a jury. Tippin responded in the affirmative. After the jury returned, the jury received Tippin's guilty plea and the punishment trial commenced. The charge of the court specifically instructed the jury to find Tippin guilty and then assess her punishment. In compliance with the trial court's instructions, the jury found Tippin guilty and assessed a suspended sentence of imprisonment for one year and a suspended fine of $5,000.

After discharging the jury, the trial court asked Tippin if she was still requesting the court to place her on deferred adjudication community supervision. Tippin answered in the affirmative. The court announced that it accepted her plea of guilty, deferred adjudication of guilt, and placed Tippin on community supervision for a period of five years. The trial court further ordered her to pay a $5,000 fine and perform 200 hours of community service as conditions of the community supervision. The court next announced that it was setting aside the jury's verdict. After setting aside the verdict, the court asked Tippin to stand and repeated that it was placing her on deferred adjudication community supervision with the same conditions as in its previous announcement.

2

On March 8, 2016, the court issued a written judgment reflecting its new sentence. In a space in the judgment set aside for "special findings or orders," the trial court handwrote "[t]he court set asides the jury verdict in this case." This appeal followed.

## II. JURISDICTION OVER THE STATE'S APPEAL

Our first concern is whether we possess jurisdiction over the State's appeal.[1] The standard for determining appellate jurisdiction "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *State v. Robinson*, No. PD-0974-15, ___ S.W.3d ___, ___, 2016 WL 3563727, at *3 (Tex. Crim. App. June 29, 2016). Article 44.01 of the Texas Code of Criminal Procedure governs the right of the State to appeal in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West, Westlaw through 2015 R.S.). Article 44.01(a) allows the State to appeal an order which:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

*Id.* art. 44.01(a). The State may also appeal a sentence on the ground that it is illegal. *Id.* art. 44.01(b).

---

[1] At this Court's instruction, both parties addressed our jurisdiction in their briefing.

The State argues that we possess jurisdiction because the order setting aside the jury verdict is appealable as either a modification of the jury's verdict or as the functional equivalent of an order granting a new trial. *See id.* art. 44.01(a)(2), (3). The State further argues that we possess jurisdiction because the court's decision to place Tippin on deferred adjudication community supervision constituted an illegal sentence. *See id.* art. 44.01(b). Tippin argues in response that we lack jurisdiction because the substance of the State's appeal is a challenge to the process by which the trial court arrived at the sentence, which is not appealable. She argues further that the sentence of deferred adjudication itself was not illegal.

We agree with the State that we possess jurisdiction over this appeal. The court's order setting aside the jury's verdict was the functional equivalent of an order granting a motion for new trial. The court did not phrase its order in that way, but when "a trial court's order is functionally indistinguishable from the granting of a motion for new trial, a reviewing court can look past the label given to it and treat it as an order granting the motion for new trial." *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011); *see State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (en banc). Texas Rule of Appellate Procedure 21.9 provides that granting a motion for new trial "restores the case to its position before the former trial." TEX. R. APP. P. 21.9(b). The trial court's order in this case had the same effect:  it expressly "set aside[ ] the jury verdict" and so returned the case to the position it was in before the jury was empaneled and sworn. *See id.* The order was functionally indistinguishable from an order granting a motion for new trial. *See id.*; *see also State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (treating an order granting a motion for judgment notwithstanding the verdict "as the functional

4

equivalent of an order granting a motion for new trial for insufficient evidence" for purposes of the State's right to appeal)

Tippin argues that the State's assertion that the court's order was the equivalent of a motion for new trial is a "facial allegation" that we must look beyond to determine the substance of the State's appeal. For support, she cites language from *State v. Baize* where the Texas Court of Criminal Appeals held that when determining jurisdiction under article 44.01 the courts of appeals "may look behind the State's facial allegation of what it is appealing to determine whether it is in fact 'appealing a sentence and not something else.'" 981 S.W.2d 204, 206 (Tex. Crim. App. 1998) (per curiam) (quoting *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997)). She argues that the State is actually appealing the process behind imposing deferred adjudication community supervision, and the sentence was not itself illegal.

We disagree that *Baize* and *Ross* are applicable to this case. *Baize* and *Ross* addressed cases where the State relied on article 44.01(b), which allows the State to appeal an illegal sentence, as the basis for the court of appeals' jurisdiction. *See id.* at 205 ("The State appealed pursuant to article 44.01(b)."); *Ross*, 953 S.W.2d at 750 (addressing the jurisdictional question of whether the State was "properly appealing a sentence"). In such circumstances it is appropriate for the court of appeals to look beyond the State's allegation that it is appealing an illegal sentence to determine whether it is "appealing a sentence or something else." *Ross*, 953 S.W.2d at 750. Article 44.01(a)(3) specifically provides that an order granting a motion for new trial is a separate basis for jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3). And, as we explained in the prior paragraph, the trial court's order was the functional equivalent of an order

granting a motion for new trial. For this reason, we conclude that *Baize* and *Ross* are inapplicable to the State's appeal in this case.

In sum, we hold that the appeal is authorized by law because the trial court's order setting aside the verdict was the functional equivalent of an order granting a motion for new trial.[2] *See id.*; *see also Savage*, 933 S.W.2d at 499.

### III. MERITS OF THE STATE'S APPEAL

The State argues in two issues, which we address together, that the trial court committed reversible error by (1) setting aside the jury's verdict and (2) imposing a term of deferred adjudication community supervision. Tippin did not address in her briefing whether the order setting aside the verdict was legally correct but argues that it was legal for the trial court to place her on deferred adjudication community supervision.

We agree with the State that the trial court erred in both respects. As we stated above, we treat the order setting aside the verdict as an order granting a motion for new trial. Texas Rule of Appellate Procedure 21 defines a new trial as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." TEX. R. APP. P. 21.1(a). Only the defendant may bring a motion for new trial. *See id.* (stating that a motion for new trial is "on the defendant's motion"); *Ex parte Alaniz*, 931 S.W.2d 26, 29 (Tex. App.—Corpus Christi 1996, no writ). "Such a motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion." *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). Any order granting a new trial on the court's own motion is "a void act." *In re Davis*, 990 S.W.2d 455, 458 (Tex. App.—Waco 1999, orig. proceeding) (citing *Perkins v. Court of Appeals*

---

[2] In light of our holding, we do not reach the questions of whether the State may appeal the trial court's order as a modification of a judgment or as an illegal sentence. *See* TEX. R. APP. P. 47.1.

6

*for Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 280 (Tex. Crim. App. 1987)). It is undisputed that no motion for new trial or other motion requesting equivalent relief was ever on file with the trial court. The only motion before the court at the time was the defendant's oral request for the court to place her on community supervision. The trial court's decision to effectively grant a new trial by setting aside the jury's verdict was therefore void and without effect. *See id.*; *see also State v. Morales*, No. 05-12-01297-CR, 2013 WL 5676210, at *2 (Tex. App.—Dallas Oct. 17, 2013, no pet.) (mem. op., not designated for publication) ("The granting of a new trial on the trial court's own motion is a 'void act'"). The court's subsequent placement of Tippin on a term of community supervision was also "a nullity" because it followed the grant of a new trial on the court's own motion. *See Zaragosa v. State*, 588 S.W.2d 322, 327 (Tex. Crim. App. 1979) (holding that a second trial and conviction after a *sua sponte* grant of a new trial was "a nullity"); *accord Harris v. State*, 958 S.W.2d 292, 293 (Tex. App.—Fort Worth 1997, pet. ref'd). We sustain the State's two issues.

### IV. TIPPIN'S CROSS APPEAL

Tippin filed her own notice of appeal of the trial court's judgment. In her appellee's brief she asserts a cross-point challenging the trial court's denial of her pretrial motion to suppress. We decline to address Tippin's issue because we do not have jurisdiction over her appeal in light of our disposition of the State's issues. The Texas Court of Criminal Appeals has explained that it is the oral "pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). If there has been no oral pronouncement of sentence, the court of appeals lacks jurisdiction over a defendant's

appeal of her conviction.  *See Thompson v. State*, 108 S.W.3d 287, 293 (Tex. Crim. App. 2003) (holding that the court of appeals correctly concluded it lacked jurisdiction of an appeal of a conviction on a count for which the jury's sentence was not orally pronounced by the trial judge).   Now that we have set aside the judge's sentence of deferred adjudication, there has not been an oral pronouncement of the operative sentence in this case.  We therefore dismiss Tippin's appeal for lack of jurisdiction.  *See id.*

### V. CONCLUSION

We reverse the trial court's orders setting aside the jury's verdict and placing Tippin on deferred adjudication community supervision and reinstate the jury's verdict.  We remand this case to the trial court for further proceedings not inconsistent with this opinion.  *See Zaragosa*, 588 S.W.2d at 327 (holding that when a trial court improperly grants a new trial on its own motion "the cause shall be returned to the trial court to proceed as if it had not granted the new trial on its own motion").  Further, we dismiss Tippin's appeal for lack of jurisdiction.[3]

NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of November, 2016.

---

[3] We note that this dismissal is without prejudice to Tippin appealing again once the trial court has pronounced or suspended sentence in her presence in open court.  *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).