

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00169-CR

**STATE OF TEXAS,**

              **Appellant**

 **v.**

**MATTHEW CLINE KOENIG,**

              **Appellee**

---

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 28225

---

## MEMORANDUM OPINION

---

Matthew Cline Koenig was convicted of abandoning a child with the intent to return, a state jail felony, and sentenced to 180 days in a state jail facility. *See* TEX. PENAL CODE § 22.041(b), (d)(1). His sentence was suspended, and Koenig was placed on community supervision for two years. Koenig timely filed a motion for new trial alleging the verdict was contrary to the law and the evidence and requesting the entry of a judgment of acquittal. After a hearing, the trial court granted Koenig's motion. The State appealed. Because the trial court did not abuse its discretion in granting Koenig's motion

for new trial, the trial court's order is affirmed.

**BACKGROUND**

Pursuant to a custody order, Koenig had possession of his two-year-old daughter for the weekend. At around 11:00 pm. or midnight, after putting his child to bed in a "Pack 'n Play" and shutting the door, Koenig walked 100-200 yards away, across a state highway, to a party. He was not invited to the party, and was sent away. He came back with moonshine in hopes of joining the party, but again was sent away. He returned a third time but was again told to leave. Over the course of the three visits, Koenig was at the party for about an hour in total.

At about 3:00 a.m., the party-participants heard gunshots coming from the direction in which Koenig lived. The police were called and when they arrived at the party location, they were sent toward Koenig's place. Before the police arrived, one party-participant walked to Koenig's place. When asked what was going on, Koenig replied that he was shooting at "varmints" in his trash.

When the police arrived, it took them a few moments to get Koenig to answer the door. When he did, he did not believe they were actually the police and would not open the door all the way. Koenig finally opened the door fully. He was in his underwear. He consented to the police entering his home. Upon entering the home, the police found a crying child confined to a Pack 'n Play in a room to the right of the front door. They also found vodka by the front door, two handguns on the kitchen bar counter, and three rifles in the master bedroom, which was to the left, on the other side of the home. Koenig was arrested for abandoning the child.

**MOTION FOR NEW TRIAL**

In one issue on appeal, the State asserts the trial court abused its discretion in granting Koenig's motion for new trial because the evidence was sufficient to support the jury's verdict.

A trial court has authority to grant a new trial on grounds listed in the Texas Rules of Appellate Procedure, including when the verdict is contrary to the law and the evidence. *See* TEX. R. APP. P. 21.3(h). An allegation that a verdict is contrary to the law and the evidence is a challenge to the sufficiency of the evidence. *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013); *State v. Medina*, 536 S.W.3d 528, 531 (Tex. App.—San Antonio 2017, pet. ref'd). When a jury returns a guilty verdict and the trial court grants a defendant's motion for new trial based upon insufficiency of the evidence, double jeopardy prevents the trial court from entering any judgment other than an acquittal. *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996).

A trial court's decision to grant a new trial is reviewed for an abuse of discretion. *State v. Arizmendi*, 519 S.W.3d 143, 148 (Tex. Crim. App. 2017); *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). Because a motion for new trial challenging the sufficiency of the evidence presents a legal rather than a factual question, a trial court must apply the appellate sufficiency standard of review. *State v. Medina*, 536 S.W.3d 528, 532 (Tex. App.—San Antonio 2017, pet. ref'd); *State v. Savage*, 905 S.W.2d 272, 274 (Tex. App.—San Antonio 1995), *aff'd*, 933 S.W.2d 497 (Tex. Crim. App. 1996)); *State v. Daniels*, 761 S.W.2d 42, 45 (Tex. App.—Austin 1988, pet. ref'd). On appeal, we apply the same standard of review to the trial court's grant of a motion for new trial based on the

sufficiency of the evidence as we do to appellate review of challenges to the sufficiency of the evidence. *State v. Medina*, 536 S.W.3d 528, 531-32 (Tex. App.—San Antonio 2017, pet. ref'd).

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v.*

*State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Pursuant to a hypothetically correct jury charge in this case, a person commits an offense of abandoning a child if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm. TEX. PENAL CODE § 22.041(b). For the purposes of this statute, "abandon" means to leave a child in any place without providing reasonable and necessary care for the child, under circumstances under which no reasonable, similarly situated adult would leave a child of that age and ability. *Id.* (a). If the actor abandoned the child with an intent to return for the child, the offense is classified as a state jail felony. *Id.* (d)(1).

There is no question that Koenig had custody, care, or control of a child younger than 15 years. Rather, the question in this appeal, based on Koenig's motion for new trial, is whether there is sufficient evidence to prove the child was exposed to an unreasonable risk of harm. Evidence was presented through the testimony of various witnesses that Koenig left his daughter alone for approximately 60 non-consecutive minutes. She was confined to a Pack 'n Play and the door to her room was shut. By the time police arrived at Koenig's home anywhere from one to three hours, later, Koenig was home with his

child who was still in the Pack 'n Play, but the door to the child's room was open. Guns and alcohol were located in the house but not in the room where the Pack 'n Play was located.

There was no testimony presented, however, that when Koenig was at the party, guns and alcohol were laying around the house in reach of the child, the door to the child's room was open, or the child could climb out of the Pack 'n Play[1] to have any ability to access anything that would expose the child to an unreasonable risk of harm. It was when Koenig was home with the child that police found alcohol and guns, not when Koenig was away from home at the party. That may be cause for a conviction for something else, but not for the offense of abandoning a child pursuant to Texas Penal Code Section 22.041(b) as Koenig was charged.

**CONCLUSION**

Accordingly, after viewing all of the evidence in the light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense of abandoning a child beyond a reasonable doubt. Thus, the trial court did not abuse its discretion in granting Koenig's motion for new trial.

The State's sole issue is overruled, and the trial court's Order Granting Motion for New Trial is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,

---

[1] The mother of the child testified that the child was active and liked to climb on things. She did not testify, and she was not asked whether, the child could climb out of the Pack 'n Play.

Justice Neill, and

Justice Johnson

Affirmed

Opinion delivered February 17, 2021

Do not publish

[CR25]

