**The STATE of Texas, Appellant,**

**v.**

**Pamela Board DANIELS, Appellee.**

**No. 3–88–113–CR.**

Court of Appeals of Texas, Austin.

Oct. 12, 1988.

Rehearing Denied Dec. 7, 1988.

Discretionary Review Refused March 8, 1989.

Bill Reimer, Co. Atty., New Braunfels, for appellant.

Mark E. Cusack, San Marcos, for appellee.

Before SHANNON, C.J., and CARROLL, J.

PER CURIAM.

The State appeals from an order of the county court at law granting appellee's motion for new trial. Tex.Code Cr.P.Ann. art. 44.01(a)(3) (Supp.1988). Appellee timely filed her motion for new trial after the trial court found her guilty of resisting arrest and assessed punishment at incarceration for three days and a $350 fine. Tex.Pen. Code Ann. § 38.03 (1974).

The motion for new trial was granted, without a hearing, the same day it was filed, May 3, 1988. At a hearing "to clarify the record" held after the motion was granted, the trial court stated that "the Court mistakenly assumed that the Motion had been filed on April the 29th" and that "both parties agree the State would not

have had adequate time to controvert the motion." The testimony at this hearing also reflects that defense counsel did not hand deliver a copy of the motion for new trial to the county attorney as stated in the certificate of service attached to the motion. Instead, he gave an extra copy of the motion to the court clerk and asked her to deliver it to the county attorney. It is unclear whether the State had seen the motion before it was granted.

■ The county court at law had jurisdiction to grant the motion for new trial in this cause, and any misconception the court might have had as to the adequacy of notice to the State or the reason for the State's failure to respond would not have justified the county court at law setting aside its order. *Moore v. State,* 749 S.W.2d 54 (Tex.Cr.App.1988). Until recently, this would have settled the matter in appellee's favor, since lack of trial court jurisdiction was the only basis by which an appellate court could set aside an order of the lower court granting a new trial to a criminal defendant. *Reed v. State,* 516 S.W.2d 680, 682 (Tex.Cr.App.1974). However, the State now has a limited right to appeal, Tex. Const. Ann. art. V, § 26 (Supp.1988), and art. 44.01 expressly authorizes appeals of orders granting the defendant a new trial. Thus, we consider this cause to be properly before this Court. In reviewing the trial court's action, we will be guided by the principle that a motion for a new trial is directed to the discretion of the trial court, and an appellate court is not justified in reversing the lower court's decision absent an abuse of that discretion. *See* 25 Tex. Jur.3d Criminal Law § 3570 (1983).

■ The State initially contends that the motion for new trial should not have been granted because it did not state a proper ground. The motion first alleged that a new trial should be granted because the trial court

fail[ed] to grant Defendant's Motion to Dismiss made during the trial regarding the issue of whether Defendant did in fact know that an arrest was being attempted or made, and/or in determining that the alleged resistance occurred during the arrest when in fact such resistance, if any, occurred after said arrest.

Second, appellee contended in her motion that

[t]he verdict is contrary to the law and evidence presented in this case for the reasons that there is a fatal variance between the information and the proof in that the information charges the Defendant with resisting arrest and the evidence proves that the Defendant is guilty, if anything, of failure to display a driver's license to a police officer.

These allegations clearly assert that the verdict is contrary to the evidence, one of the recognized reasons for granting a new trial. Tex.R.App.P.Ann. 30(b)(9) (Supp. 1988). The point of error is overruled.

■ The State next complains that it was not given the opportunity to controvert the motion contemplated by Rule 31(b). However, while Rule 31(b) authorizes the State to take issue in writing with the truth of the matters stated in a motion for new trial, such written response by the State is not required. *Rios v. State,* 510 S.W.2d 326, 329 (Tex.Cr.App.1974). The trial court did not abuse its discretion by ruling on the motion for new trial without first allowing the State to respond.

■ The State further urges that the motion for new trial should not have been granted because it was not supported by affidavits and because, since no hearing was held, appellee offered no evidence in support of the motion. The matters relied on to support the motion for new trial were reflected by the trial record. Therefore, it was unnecessary that the motion be supported by affidavits. *Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Cr.App.1983). Similarly, because the allegations in the motion for new trial could be determined from the trial record, it was not error for the trial court to rule on the motion without conducting a hearing. *Darrington v. State,* 623 S.W.2d 414, 416 (Tex.Cr.App. 1981). *Compare McIntire v. State,* 698 S.W.2d 652 (Tex.Cr.App.1985). Again, no abuse of discretion is shown, and these points of error are overruled.

As can be seen from reading appellee's grounds for new trial, the motion was essentially a challenge to the sufficiency of the evidence to sustain the verdict of guilt. In its final argument, the State urges that the trial court erred in granting appellee a new trial because the evidence is sufficient to establish her guilt. To pass on this contention, this Court must determine the scope of the trial court's discretion when the sufficiency of the evidence is challenged in a motion for new trial. May the trial court reweigh the evidence and make its own determination of the witnesses' credibility, or must it sustain the verdict if there is any evidence to support it?

In *Rhodes v. State*, 427 S.W.2d 889, 892 (Tex.Cr.App.1968), the court wrote that when the sufficiency of the evidence is questioned in a motion for new trial, "[t]he verdict of the jury based on conflicting evidence will not be disturbed if there is sufficient testimony to sustain it." In *Morris v. State*, 411 S.W.2d 730, 733 (Tex.Cr. App.1967), the court held that the trial court had not erred in overruling the defendant's motion for an instructed verdict of acquittal in which it was alleged that "the overwhelming weight of the credible evidence" supported a verdict of not guilty, observing that "[t]he jurors are the exclusive judges of the credibility of the witnesses and the weight of the testimony." More recently, it has been stated that in ruling on a motion for new trial challenging the sufficiency of the evidence, the trial court is not to consider whether it believes or disbelieves any witness, but is merely to determine whether, looking at the evidence in a light most favorable to the verdict, there is any evidence which the trier of fact could have believed in arriving at its verdict. *Chase v. State*, 573 S.W.2d 247, 249 fn. 1 (Tex.Cr.App.1978). This view is also implicit in *Moore v. State, supra* at 58, where the Court of Criminal Appeals held that "once the trial judge grants a motion for new trial based solely on insufficiency of the evidence, the only further action permitted by the Double Jeopardy Clause is the entry of a judgment of acquittal."[1]

From these authorities, this Court concludes that a motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and the trial court must apply the same legal test employed on appeal. That is, the trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex. Cr.App.1983) (opinion on rehearing). If the evidence meets this standard, it is an abuse of discretion for the trial court to grant the motion for new trial.

The State's evidence in this cause consists of the testimony of two New Braunfels police officers. According to their testimony, appellee became belligerent after being stopped for driving a car with expired license plates. One of the officers, Jeffery Jamison, testified that appellee repeatedly refused his request that she produce her driver's license, even after he advised her that "I just wanted to write her a ticket, let her be on her way, for expired license plates, and that if she did not allow me to do that she was subjecting herself to a custody arrest and having to post bond for the traffic violation."

Sensing that the situation was getting out of hand, Jamison called for assistance and three officers responded by driving to the scene. After the other officers arrived, and after appellee again refused to produce her driver's license, Jamison advised appellee that she was under arrest and attempted to place handcuffs on her. Appellee began to swing her arms and kick at the officers, and had to be physically restrained. Appellee's resistance continued even after she was handcuffed, as she braced herself against the side of patrol car in an effort to avoid being placed in the back seat.

Appellee testified on her own behalf. She denied refusing to produce her driver's license, stated that she was never advised that she was under arrest, and denied phys-

1. The new trial in *Moore* was granted before the State was given the right to appeal.

ically resisting the officers. According to appellee, the only action she took that could be interpreted as resistance was to pull back her wrist when the officer "sneaked up behind me" and attempted to handcuff her.

The county court at law, as trier of fact, was free to believe appellee's testimony and disbelieve that of the police officers. Had it done so and entered a verdict of not guilty, this cause would have been at an end. However, the trial court apparently believed the testimony of the officers, at least at the time it was offered, because it entered a verdict of guilt. When later presented appellee's motion for new trial challenging the sufficiency of the evidence to sustain this verdict, the trial court was no longer acting as trier of fact and thus was no longer free to weigh the evidence and judge the credibility of the witnesses. Instead, it was obligated to view the evidence in the light most favorable to the guilty verdict. *Chase v. State, supra; Rhodes v. State, supra.* Because the testimony of the police officers is sufficient to establish beyond a reasonable doubt each element of the offense, the county court at law abused its discretion by granting the motion for new trial.

The order granting appellee's motion for new trial is vacated, and the cause is remanded to the county court at law for entry of a judgment of conviction in accord with the verdict.