TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00063-CR







The State of Texas, Appellant



v.



Mario Wade, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 97-020, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








 On February 5, 1997, a grand jury indicted Mario Wade for the felony offense of
aggravated assault. See Tex. Penal Code Ann. § 22.02(a) (West 1994). The indictment alleged
that on or about November 9, 1996, Wade intentionally and knowingly caused serious bodily
injury to Jeffrey Gonzales by striking him with a deadly weapon, a knife. 

 On July 9, 1997, Wade pleaded guilty pursuant to a plea agreement for deferred
adjudication. Judge Bill Bender rejected the plea agreement, allowed Wade to withdraw his plea,
and reset the case on the jury docket. Before trial, Wade requested that in the event of a
conviction, the imposition of sentence be suspended and that he be placed on regular community
supervision as provided by article 42.12 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3(a) (West Supp. 1999). 

 On July 27, 1998, the date of the jury trial, Wade pleaded guilty before Judge Don
Morgan, and the jury panel was discharged. An amended plea agreement called for the State to
recommend no greater punishment than 10 years' confinement in prison, a fine of $1,000, and a
deadly weapon finding, and recited that "at sentencing hearing--defendant will present evidence
in support of probation and/or deferred adjudication." Wade was permitted to amend his
community supervision motion to include deferred adjudication. For reasons not set forth in the
record, Judge Morgan did not sign the order appearing at the end of the amended plea agreement. 
The order states that the court "finds that the plea, waivers, agreements, stipulations, and consent
of Defendant were freely and voluntarily made, after full and complete admonishments by the
Court, and further, the Court in all things approves the waiver of a jury in this cause and the
agreement to stipulate to the evidence." 

 An instrument containing the written admonishments, plea agreement, waiver of
trial by jury, waiver of rights, and stipulation of evidence was signed and sworn to by Wade. It
was approved by his attorney and the prosecutor. The instrument (State's exhibit no. 1) was
admitted into evidence by the trial court. The court then requested a presentence investigation. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (West Supp. 1999).

 The sentencing hearing (1) was held on December 8, 1998 before Judge Charles
Ramsay. Three witnesses, including the victim, testified for the State, and two witnesses testified
for Wade. At the end of the hearing, Wade requested deferred adjudication. Judge Ramsay
rejected Wade's request, found that Wade had committed aggravated assault with a deadly
weapon, and sentenced him to ten years' confinement, plus the payment of $9,500 in restitution
to the victim. 

 Wade filed a motion for new trial on January 5, 1999. The motion was not verified
or supported by affidavit. In the motion, Wade alleged that: (1) his guilty plea was involuntary
because he was misled as to the punishment alternatives available to the court; and (2) his guilty
plea was involuntary because the "admonishments, plea agreement, waiver of rights, and
stipulation of evidence" regarding his plea were not approved by the court as required by article
26.13(d) of the Texas Code of Criminal Procedure. (2) Judge Ramsay granted Wade's motion and
ordered a new trial. 

 On appeal, the State challenges the trial court's decision to grant Wade a new trial
on four grounds. (3) First, the State contends that Wade's motion for new trial was insufficient as
a pleading to entitle him to a new trial because it was unverified and unsupported by affidavit. 
Next, the State argues that there was insufficient evidence to establish that Wade was misled
concerning punishment alternatives available to the trial court at sentencing or that Wade's guilty
plea was involuntary. Finally, the State contends that there was insufficient evidence to establish
that the guilty plea was not received and approved by the trial court in compliance with article
26.13(d) of the Code of Criminal Procedure.


DISCUSSION

 The decision to grant a motion for new trial lies within the discretion of the trial
court, and appellate courts ordinarily will not reverse that decision unless the trial court has
abused its discretion. See Rent v. State, 982 S.W.2d 382, 384 (Tex. Crim. App. 1998); State v.
Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). We do not substitute our judgment for
that of the trial court, but rather decide whether the trial court's decision was arbitrary or
unreasonable. See Gonzalez, 855 S.W.2d at 695 n.4 (citing Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992)).

 In his motion for new trial, Wade first contended that the phrase "at sentencing
hearing--defendant will present evidence in support of probation and/or deferred adjudication,"
written in the plea agreement by the assistant district attorney of Caldwell County, misstated the
law and caused Wade to erroneously believe that he was eligible to receive probation. In Texas,
the judge-ordered community supervision of article 42.12, section 3(a) of the Code of Criminal
Procedure is commonly referred to as "regular community supervision" or "regular probation." 
See Brown v. State, 943 S.W.2d 35, 39 (Tex. Crim. App. 1997); see also Rodriguez v. State, 939
S.W.2d 211, 221 (Tex. App.--Austin 1997, no pet.); Rocha v. State, 903 S.W.2d 789, 791 (Tex.
App.--Dallas 1995, no pet.). The type of community supervision authorized by article 42.12,
section 5(a) is referred to as "deferred adjudication" or "deferred adjudication probation." See
Brown, 943 S.W.2d at 39; see also Rodriguez, 939 S.W.2d at 221; Rocha, 903 S.W.2d at 791. 
Because Wade was indicted for aggravated assault with a deadly weapon, he was eligible for
"deferred adjudication probation" but not "regular probation." See Tex. Code Crim. Proc. Ann.
art. 42.12, §§ 3g(a)(2), 5(a).

 At the hearing on Wade's motion for new trial, the trial court heard argument from
both Wade's counsel and the Caldwell County district attorney. The trial court reasoned that
because the plea agreement was phrased in terms of Wade presenting evidence in support of
"probation and/or deferred adjudication," Wade could have been led to believe that he was
eligible for regular probation, when in fact he was eligible only for deferred adjudication
probation. The court observed, "couldn't the defendant think that the judge would say, 'Okay. 
I'm not going to give you deferred adjudication, but I'll give you probation,' because that's
exactly what it says." On this basis, the trial court granted Wade a new trial without hearing
evidence.

 The State argues that to prevail on a motion for new trial, a defendant must support
the allegations of the motion with evidence. See Dugard v. State, 688 S.W.2d 524, 528 (Tex.
Crim. App. 1985), overruled on other grounds, 780 S.W.2d 802 (Tex. Crim. App. 1989). The
State contends that by granting Wade's motion without hearing evidence, the trial court
improperly eliminated Wade's burden of proof and thus abused its discretion. While it is true that
a defendant in a criminal case must establish the truth of the allegations contained in his motion
for new trial, see id., we do not agree with the State's contention that Wade's failure to adduce
evidence at the hearing precluded the trial court from granting a new trial. 

 At the hearing on the motion for new trial, Wade's counsel alleged that Wade's
guilty plea was the product of misleading language in the amended plea agreement, which was
admitted into evidence by Judge Morgan on July 27, 1998. Judge Ramsay reviewed a copy of the
agreement before granting Wade a new trial. The copy was displayed by counsel during the
hearing. The agreement was a part of the court's records of which the trial court could take
judicial notice. 

 When the matters relied on to support a motion for new trial are determinable from
the record, it is not necessary for a defendant to support the motion for new trial with additional
evidence. (4) See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); see also State v.
Daniels, 761 S.W.2d 42, 44 (Tex. App.--Austin 1988, pet. ref'd) (citing Bearden v. State, 648
S.W.2d 688, 690 (Tex. Crim. App. 1983)). Likewise, a motion for new trial based on matters
determinable from the existing record is not required to be verified or supported by affidavits. 
See Conner v. State, 877 S.W.2d 325, 327 n.3 (Tex. Crim. App. 1994) (citing Bearden, 648
S.W.2d at 690 (recognizing that a motion for new trial based on matters outside the record is
insufficient as a pleading without verification or an affidavit in support thereof)); Sterling, 791
S.W.2d at 276 (citing Daniels, 761 S.W.2d at 44). Moreover, the State did not object at the
hearing on the motion for new trial on the basis that the motion was not verified or supported by
affidavits. See Tex. R. App. P. 33.1. 

 In this case, the trial court found that the matters raised by Wade in his motion for
new trial were determinable from the record; thus, the court did not abuse its discretion by
granting a new trial without first hearing evidence. See Darrington v. State, 623 S.W.2d 414,
416 (Tex. Crim. App. 1981). Moreover, nothing in the record before this Court establishes that
Judge Ramsay acted arbitrarily or unreasonably in concluding that the language of the amended
plea agreement was misleading and could have led to an involuntary guilty plea.


CONCLUSION

 Whether to grant a new trial is a matter within the trial court's discretion. See
Gonzalez, 855 S.W.2d at 696. Having determined that the trial court acted within its discretion
in granting Wade a new trial based on the first issue raised in his motion, we need not consider
the State's arguments concerning Wade's second issue. The trial court order granting Wade a new
trial is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: December 2, 1999

Do Not Publish
1. Once a guilty plea has been entered, the trial is not bifurcated, rather, the unitary trial
procedure is to be used regardless of whether the guilty plea is entered before the trial judge or
jury. See Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981). Although
erroneous, bifurcating a guilty plea trial does not, in the absence of an objection, cause reversible
error. See Nunez v. State, 565 S.W.2d 536, 539 (Tex. Crim. App. 1978) (Onion, J., concurring).
2. See Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 1989) ("The court may make the
admonitions required by this article either orally or in writing. If the court makes the admonitions
in writing, it must receive a statement signed by the defendant and the defendant's attorney that
he understands the admonitions and is aware of the consequences of his plea. If the defendant is
unable or refuses to sign the statement, the court shall make the admonitions orally.").
3. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 1999) ("The state is
entitled to appeal an order of a court in a criminal case if the order . . . grants a new trial.").
4. Matters raised by a motion for new trial that are not determinable from the record
include allegations of jury misconduct, newly discovered evidence, and ineffectiveness of counsel. 
See Dugard v. State, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985); Bearden v. State, 648
S.W.2d 688, 690 (Tex. Crim. App. 1983); Sterling v. State, 791 S.W.2d 274, 276 (Tex.
App.--Corpus Christi 1990, pet. ref'd).



ice. 

 When the matters relied on to support a motion for new trial are determinable from
the record, it is not necessary for a defendant to support the motion for new trial with additional
evidence. (4) See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); see also State v.
Daniels, 761 S.W.2d 42, 44 (Tex. App.--Austin 1988, pet. ref'd) (citing Bearden v. State, 648
S.W.2d 688, 690 (Tex. Crim. App. 1983)). Likewise, a motion for new trial based on matters
determinable from the existing record is not required to be verified or supported by affidavits. 
See Conner v. State, 877 S.W.2d 325, 327 n.3 (Tex. Crim. App. 1994) (citing Bearden, 648
S.W.2d at 690 (recognizing that a motion for new trial based on matters outside the record is
insufficient as a pleading without verification or an affidavit in support thereof)); Sterling, 791
S.W.2d at 276 (citing Daniels, 761 S.W.2d at 44). Moreover, the State did not object at the
hearing on the motion for new trial on the basis that the motion was not verified or supported by
affidavits. See Tex. R. App. P. 33.1. 

 In this case, the trial court found that the matters raised by Wade in his motion for
new trial were determinable from the record; thus, the court did not abuse its discretion by
granting a new trial without first hearing evidence. See Darrington v. State, 623 S.W.2d 414,
416 (Tex. Crim. App. 1981). Moreover, nothing in the record before this Court establishes that
Judge Ramsay acted arbitrarily or unreasonably in concluding that the language of the amended
plea agreement was misleading and could have led to an involuntary guilty plea.


CONCLUSION

 Whether to grant a new trial is a matt