No. 04-99-00640-CR



Juan Miguel GONZALEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 63rd Judicial District Court, Val Verde County, Texas

Trial Court No. 8601

Honorable George M. Thurmond, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: May 10, 2000


AFFIRMED


 This appeal arises from a burglary conviction. A jury convicted the appellant, 17-year-old
Juan Miguel Gonzalez, for burglarizing a building used for concession sales at Roosevelt Park in Del
Rio. The jury sentenced Gonzalez to eighteen months in a state jail and probated the sentence. 
Gonzalez appeals his conviction in this appeal.


Ruling on the Motion for New Trial

 In his first issue, Gonzalez contends that the trial judge erred by denying his motion for a new
trial because the evidence presented at trial is both legally and factually insufficient to support his
conviction. The court of appeals ordinarily reviews the trial judge's ruling on a motion for new trial
using an abuse of discretion standard; however, where a new trial is sought on the grounds of
insufficient evidence, the court of appeals applies the same standard of review that is applied when
reviewing the sufficiency of the evidence. See State v. Macias, 791 S.W.2d 325, 329-30 (Tex.
App.­San Antonio 1990, pet. ref'd); State v. Daniels, 761 S.W.2d 42, 45 (Tex. App.­Austin 1988, 
pet. ref'd). As a result, we will review Gonzalez's complaint about the legal sufficiency of the
evidence using the standard set out in Jackson v. Virginia, 443 U.S. 307, 319 (1979). To review a
challenge about the legal sufficiency of the evidence under Jackson, the court of appeals reviews the
evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See Jackson, 443
U.S. at 319; Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). In conducting this
review, the jury serves as the exclusive judge of the credibility of the witnesses and of the weight to
be given their testimony; and therefore, reconciliation of conflicts in the evidence is within the
exclusive province of the jury. See Mosley, 983 S.W.2d at 254. To review a challenge to the factual
sufficiency of the evidence, the court of appeals reviews the evidence without the prism of "in the
light most favorable to the prosecution" and sets aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). We will first consider Gonzalez's legal sufficiency
complaint.

 For Gonzalez's conviction to be legally sufficient, the State had to prove that Gonzalez
entered the building used for the concession sales, without the effective consent of the owner, at a
time the building was not open to the public, with the intent to commit theft. See Tex. Pen. Code
§ 30.02 (Vernon Supp. 2000). Although the State proved these requirements using circumstantial
evidence, the evidence is legally sufficient to support the conviction when viewed in the light most
favorable to the verdict.

 Lloyd Argabright, the player agent for the Babe Ruth baseball league, testified that he secured
the concession stand at about 8:30 p.m. on the evening of the burglary. Argabright further testified
that he received a call that the concession stand had been burglarized about 1:00 a.m. and that upon
his arrival, he observed that someone had forced the screen in the door of the concession stand open. 
Argabright stated that he did not give anyone permission to enter the concession stand that night and
that the concession stand was not open to the public at the time of the burglary. Argabright testified
that the police returned the recovered merchandise to him, and that he recognized the merchandise
as having come from the concession stand.

 Officer Roberto Garcia, a patrol sergeant with the Del Rio Police Department, testified that
he took photographs of the concession stand after he arrived at 1:00 a.m. Garcia described the small
screen-covered opening in the door of the concession stand, and stated that although a big man
would be unable to enter the building through the hole, a small person could enter through the hole
to unlock the door from the inside of the building. Garcia also identified the photos he took of the
door as fairly representing the way he observed the door when he arrived. Coupled with
Argabright's testimony, Garcia's testimony proved that someone had entered the concession stand
without the effective consent of the owner, at a time the building was not open to the public.

 Officer Roberto Sanchez, dispatcher for the Del Rio Police Department, testified that he
received a call at 12:25 a.m. from a resident who stated that she had seen two males with boxes
walking from Roosevelt Park. Officer Sanchez further testified that he dispatched officers to
investigate the call. According to Officer Sanchez, Officer Adrianna Castillo reported her arrival
at the scene at 12:26 a.m. Officer John Lissner reported arriving at 12:27 a.m. This testimony
placed police officers at the location where Gonzalez was arrested within two minutes of the call
about the two men with boxes.

 Officer Castillo testified that after she was dispatched to the scene of a reported burglary, she
proceeded down Spring Street, near the park, in her patrol car with the car lights out. According to
Castillo, she observed three males, one of them carrying a box. Two of the males ran off as she
approached, and Gonzalez backed under a tree. After approaching Gonzalez, Castillo grabbed
Gonzalez, arrested him, and placed him in her patrol car. She then left to pursue the other two males
and subsequently apprehended a juvenile, H.A. Officer Castillo further testified that Officer Lissner
apprehended the third male, another juvenile, R.T. Castillo testified that she observed three boxes
where the three males were standing and that the boxes were very heavy. This testimony places
Gonzalez at the location where the stolen merchandise was found and very close to the location from
which the merchandise was taken. A rational jury could have inferred from the foregoing evidence
that a theft had been committed and that the person who took the merchandise from the concession
stand entered with the intent to commit theft. Although Gonzalez maintains that this evidence
constitutes no more than mere presence at the scene, the jury was permitted to infer Gonzalez's entry
into the concession stand, and an intent to commit theft, from his presence with two other males and
three heavy boxes of stolen merchandise, shortly after midnight. As a result, a rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Consequently,
the evidence is legally sufficient to support Gonzalez's conviction.

 The evidence is also sufficient to factually support the conviction. Even though Gonzalez
explained in his testimony why he was near the stolen merchandise and why he did not run when
Officer Castillo approached, the jury was free to disbelieve Gonzalez. Gonzalez testified that he had
been at H.A.'s house prior to the burglary and that H.A. left with an individual called "Raton."
Gonzalez further testified that he and his friend, R.T., another juvenile, left the house at 11:00 or
11:30 p.m. to walk his girlfriend home. Gonzalez explained that H.A. and Raton called to him after
he and R.T. left his girlfriend's house, and that H.A. asked him to help carry some boxes. According
to Gonzalez, H.A. and R.T. ran away when the police arrived because they were violating curfew,
but he stayed because he was seventeen and had not done anything wrong. H.A., in juvenile
detention at the time of Gonzalez's trial, corroborated Gonzalez's story to some extent, as did R.T.
and Gonzalez's girlfriend. Although their testimony could have exonerated Gonzalez if believed,
the jury serves as the exclusive judge of the credibility of the witnesses and of the weight to be given
their testimony. Clearly, the jury did not believe Gonzalez, H.A., R.T., or Gonzalez's girlfriend, and
we will not second guess the jury. The verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust, and as a result, the evidence is factually sufficient to
support the conviction.

 Because the evidence is legally and factually sufficient to support the verdict, the trial judge
did not err by denying Gonzalez's motion for new trial. Having determined that the trial judge did
not err, we overrule Gonzalez's issue about the denial of his motion for new trial.


Jury Charge

 Gonzalez argues in his second issue that the trial judge erred by instructing the jury on the
law of parties. The test for determining whether the trial judge should instruct the jury on the law
of parties is as follows:

 Where the evidence introduced upon the trial of the cause shows the active
participation in the offense by two or more persons, the trial court should first remove
from consideration the acts and conduct of the non-defendant actor. Then, if the
evidence of the conduct of the defendant then on trial would be sufficient, in and of
itself, to sustain the conviction, no submission of the law of principals is required. 
. . .


 On the other hand, if the evidence introduced upon the trial of the cause
shows, or raises an issue, that the conduct of the defendant then upon trial is not
sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law
of principals and is dependent, at least in part, upon the conduct of another. In such
a case, the law of principals must be submitted and made applicable to the facts of
the case.


McCuin v. State, 505 S.W.2d 827, 830 (Tex. Crim. App.1974); see Etheridge v. State,903 S.W.2d
1, 3 (Tex. Crim. App. 1994).

 Applying this test to the instant case, the evidence showed that Gonzalez was found with
three heavy boxes of stolen merchandise shortly after the phone call about the male carrying a box. 
Officer Castillo testified that she observed three heavy boxes when she discovered Gonzalez and the
two other males. Castillo stated that she had difficulty carrying the boxes to her patrol car. This
evidence raised an issue about whether Gonzalez acted alone to commit the burglary: i.e., could
Gonzalez carry the three boxes of stolen merchandise from the concession stand to where he was
found without assistance? As a result, the State's case relied in part on the law of parties because
a question existed about whether a single individual could take the boxes from the concession stand
to the street where Gonzalez was found. Because the evidence raised this issue, the trial judge did
not err by instructing the jury on the law of parties. We overrule Gonzalez's second issue.

Conclusion

 Having overruled both of Gonzalez's issues on appeal, we affirm the conviction.


 Alma L. López, Justice

DO NOT PUBLISH