COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DOMINGO M. ESTRADA,                                 )

                                                                              )              
No.  08-01-00334-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
385th District Court

THE STATE OF TEXAS,                                     )

                                                                              )          
of Midland County, Texas

Appellee.                           )

                                                                              )                 
(TC# CR-26,573)

                                                                              )

 

 

O
P I N I O N

 

This appeal is
from a conviction for burglary of a habitation enhanced as a repeat
offender.  A jury found the Appellant
guilty and the trial court assessed the punishment of 30 years= imprisonment.  We affirm.

There are two
issues, and both allege ineffective assistance of counsel.  The first complains that trial counsel did
not present any evidence in mitigation at the punishment stage, and the second
alleges that trial counsel failed to fully or adequately investigate the facts
of the case.








Briefly, the
Appellant had an affair with his brother=s
estranged wife.  It became an abusive
relationship and she tried to end it.  A
short time later, he broke into her home and assaulted her.  He was indicted for burglary of a habitation
with intent to assault enhanced as a repeat offender. 

Appellant filed a
timely motion for new trial that though verified, was not sufficiently in the
form of or supported by an affidavit sufficient to raise matters not
determinable from the record.  Butler
v. State, 6 S.W.3d 636, 642 (Tex.App.--Houston [1st Dist.] 1999, pet. ref=d); 
Reyes v. State, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993).  The State objected to a hearing on the ground
that there was no Aproper@ affidavit and the trial court
sustained the objection.  Though not an
issue here, we do note that not all motions for new trial require supporting
affidavits.  See State v. Daniels,
761 S.W.2d 42, 44 (Tex.App.--Austin 1988, pet. ref=d),
citing  Bearden v. State,
648 S.W.2d 688, 690 (Tex.Crim.App. 1983). 
In criminal trials, the court may hear evidence supporting a motion for
new trial Aby
affidavit or otherwise.@  Tex.R.App.P.
21.7. 

The trial court
did allow Appellant to put on evidence in a Bill of Exceptions, and the State
also put on a witness.  It has been
stated that matters contained within a Bill of Exceptions are not evidence from
which inferences of fact may be drawn.  Lincicome
v. State, 3 S.W.3d 644,  647
(Tex.App.--Amarillo 1999, no pet.). 
Nevertheless, where both sides have extensively briefed and analyzed the
evidence adduced in the Bill of Exceptions, we believe no purpose would be
served by donning blinders to the evidence preserved in the Bill of Exceptions.

We apply a single
standard of review for ineffective assistance of counsel during the entire
trial process.  Hernandez v. State,
988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). 
That standard is the two‑step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).








Under Strickland,
the appellant must first demonstrate that trial counsel=s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  Strickland
v. Washington, 466 U.S. at 687, 104 S.Ct. 2064.  Counsel=s
competence is presumed, and the appellant must rebut this presumption by
identifying the acts or omissions of counsel that are alleged as ineffective
assistance, and then must affirmatively prove that such acts and omissions fell
below the professional norm of reasonableness. 
See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.
1996).  The reviewing court will not find
ineffectiveness by isolating any portion of trial counsel=s representation, but will judge the
claim based on the totality of the representation.  See Strickland v. Washington, 466 U.S.
at 695, 104 S.Ct. 2068-69.   Secondly,
the appellant is required to show prejudice from the deficient performance of
his attorney.  See Hernandez, 988
S.W.2d at 772.  To establish prejudice,
an appellant must prove that but for counsel=s
deficient performance, the result of the proceeding would have been
different.  See Strickland v.
Washington, 466 U.S. at 693-95, 104 S.Ct. 2067-69.  The alleged deficiencies of counsel must be
supported by the record.  Johnson v.
State, 691 S.W.2d 619, 626‑27 (Tex.Crim.App. 1984), cert. denied,
474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

In Issue One,
Appellant complains that his trial counsel failed to present any evidence in
mitigation or challenge the documents that established his prior felony
conviction.  The record reflects that
neither side put on any testimony in the punishment phase; the State offered
Appellant=s pen
pack to establish a prior felony conviction for sexual assault and it was
admitted without an objection.  The trial
court then noted that he had received a presentence report, which is not in the
record here, and Appellant=s
trial counsel stated he had discussed it with Appellant and that it was
accurate.








In his Bill of
Exceptions testimony, Appellant=s
trial counsel stated with regard to the punishment phase that A[w]e did not have any witnesses that
would be beneficial to us to put on@
and that he had visited with Appellant=s
family in an Aattempt
to try to find something that would be mitigating . . . .@

The Appellant
testified that his trial attorney failed to interview  three men, Ricardo Fino, Ralph Rodriguez, and
Roman Estrada.  However, apart from vague
reference to the punishment phase, the primary evidence that each man might
have provided was not to mitigation but rather to show that Appellant had the
victim=s
permission to enter her home.  One of
these men did testify, Ricardo Fino, but all of the questions put to him
related to where Appellant was living during the pertinent time with the
inference being that Appellant had the victim=s
permission to enter the house.

There is simply no
showing in the record before us, even including the Bill of Exceptions,  that his trial counsel=s
representation fell below an objective standard of reasonableness.  See Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000).  Moreover, under
the second prong, it cannot be shown that the alleged deficient performance
prejudiced the defense.  The appropriate
standard for judging prejudice requires an appellant to show that there is a
reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id at 712.  The sentence of thirty years is in the middle
of the range of possible sentences.  We
overrule Issue One. 








In Issue Two,
Appellant claims that his trial counsel failed to properly investigate the
case.  An attorney is ineffective if the
failure to seek out and interview potential witnesses precludes the accused
from advancing a viable defense.  Mallet
v. State, 9 S.W.3d 856, 866 
(Tex.App.--Fort Worth 2000, no pet.). 
We find this complaint to be without merit.  The record clearly reflects that trial
counsel investigated and interviewed potential witnesses.  He, in fact, called two witnesses in the
guilt/innocence phase and extensively cross-examined the State=s witnesses.  Trial counsel=s
performance was simply not deficient. 
The Appellant had effective assistance of counsel.  Issue Two is overruled.

The judgment of
the trial court is affirmed.

 

 

 

June
27, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)