Opinion filed September 21, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00191-CR 

                                                     __________

 

                                       STATE
OF TEXAS,
Appellant

 

                                                             V.

 

                            MARK
ROBERT MCCLELLAND, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 35,432

 



 

                                                                   O
P I N I O N

 

The State appeals from the trial court=s granting of judgment non obstante
veredicto in favor of Mark Robert McClelland. 
We reverse and reinstate the jury=s
verdict.  

                                                               Background
Facts








McClelland was charged by information with driving
while intoxicated.  He pleaded not guilty
to a jury.  After the State had presented
its evidence, McClelland moved for an instructed verdict of not guilty for
insufficiency of the evidence.  The trial
court denied the motion.  The jury then
returned a guilty verdict.  The trial
court sentenced McClelland to thirty days in the county jail and a $100
fine.  After the jury was released and
punishment was assessed, the court sent both parties a memorandum.  It stated:

I am uncomfortable with the verdict.  I declined to grant the Motion for Directed
Verdict because I thought the jury would find the defendant not guilty.  However, it is my belief the evidence did not
support a finding of guilty beyond a reasonable doubt, and I would be inclined
to grant a Motion for Judgment Non Obstante Veredicto.

 

McClelland subsequently filed a notion for judgment non obstante
veredicto, and the trial court granted it. 
The State appeals from this judgment. 

Issue on Appeal

In its sole issue on appeal, the State raises two
questions.  First, did the trial court have
the authority to grant  a judgment non
obstante veredicto?  Second, did the
trial court abuse its discretion in granting the judgment non obstante
veredicto? 

Authority to Grant Judgment Non Obstante
Veredicto

In a criminal case, the judgment must reflect the
jury=s
verdict.  Tex. Code Crim. Proc. Ann. art. 42.01, ' 1(7) (Vernon Supp. 2006).  A trial court does not have the authority to
enter a judgment other than the verdict rendered by the jury.  State v. Savage, 933 S.W.2d 497, 499
(Tex. Crim. App. 1996).   Therefore, a
trial court=s
granting of judgment non obstante veredicto is improper. Id. 


However, a trial court may grant a motion for new
trial based on legal insufficiency of the evidence.  Id.  When a jury returns a guilty verdict and the
trial court later grants a motion for new trial based upon legal insufficiency
of the evidence, the only judgment that can be entered is one of acquittal.  Id.  Double jeopardy prevents the State from
re-trying a case when it initially fails to present legally sufficient evidence
to convict.  Moore v. State, 749
S.W.2d 54, 58 (Tex. Crim. App. 1988) (citing Hudson v. Louisiana, 450
U.S. 40 (1981), and Burks v. United States, 437 U.S. 1, 11
(1978)).  








A trial court=s
judgment non obstante veredicto has the same effect as a trial court
granting  a new trial for legally
insufficient evidence.  Savage,
933 S.W.2d at 499.  Courts look to the
effect of a motion irregardless of its title. 
State v. Evans, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992).  Because the effect of the trial court
granting McClelland=s
judgment non obstante veredicto was the same as if it had granted a motion for
new trial based on insufficiency of the evidence, we will review the order as
if the trial court had granted a motion for new trial.  See State v. Savage, 905 S.W.2d 268,
272 (Tex. App.CSan
Antonio 1994), aff=d,
933 S.W.2d 497, 499 (Tex. Crim. App. 1996). 

Standard of Review 

A trial court=s
decision to grant a new trial is ordinarily reviewed for an abuse of
discretion.  State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 
But, a motion for new trial based on legal insufficiency of the evidence
presents a legal rather than a factual question.  State v. Daniels, 761 S.W.2d 42, 45
(Tex. App.CAustin
1988, pet. ref=d).  When deciding whether to grant a new trial,
the trial court views the evidence in the light most favorable to the verdict
and determines whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Id.  When reviewing the evidence, the trial
court may not substitute its beliefs for those of the jury.  Id.  If the evidence is sufficient to meet the
above standard, a trial court abuses its discretion by granting a motion for
new trial.  Savage, 905 S.W.2d at
274.  

Was the Evidence Sufficient?

The offense of driving while intoxicated occurs
when a person operates a motor vehicle in a public place while
intoxicated.  Tex. Pen. Code Ann. '
49.04 (Vernon 2003).  Intoxicated means Anot having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body.@  Tex.
Pen. Code Ann. '
49.01(2)(A) (Vernon 2003). 

Both parties agree that the evidence established
all the elements of driving while intoxicated except for intoxication.  McClelland argues that there was not
sufficient evidence to connect his behavior to the conclusion that he was under
the influence of alcohol or a controlled substance to a degree rendering him
incapable of operating a motor vehicle.  
We disagree.     








Intoxication may be shown by circumstantial
evidence in the absence of direct testimony. 
Smithhart v. State, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).
Officer Michael Hobbs testified that he observed McClelland driving
dangerously, swerving from lane to lane and changing speeds erratically.  He further testified that McClelland refused to
pull over and that he pursued McClelland for two to three minutes before he
pulled over.  Officer Hobbs testified
that McClelland=s speech
was very slow and slurred.  Officer Hobbs
stated that he did not smell any alcohol on McClelland=s
breath at the scene but that he did at the jail.  Officer Hobbs reasoned that he might not have
smelled alcohol on McClelland at the scene because he was not very close to him
and some hard liquors are hard to smell. 
Officer Hobbs testified that McClelland=s
behavior was consistent with someone who was intoxicated.  McClelland also adamantly refused to take a
breath test.  Evidence of a refused
breath test is relevant to whether the person was driving while
intoxicated.  Griffith
v. State, 55 S.W.3d 598, 601 (Tex. Crim.
App. 2001); State v. Marrs, 104 S.W.3d 914, 918 (Tex. App.CCorpus
Christi 2003, no pet.).  McClelland
testified at trial that the reasons for his behavior on the night of his arrest
were that he had not slept in seventy-two hours and was under a lot of
stress.  However, McClelland did not
provide this information to the officers when given the opportunity the night
of the arrest.  The jury was free to
believe or disbelieve McClelland=s
testimony.  The jury is the exclusive
judge of the credibility of the witnesses and of the weight to be given their
testimony.   Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979). 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  

Viewing the evidence in a light most favorable to
the jury verdict, we conclude that the evidence was sufficient for the jury to
find that McClelland=s
intoxication was due to the introduction of alcohol into his system.  There was sufficient evidence for a rational
fact-finder to  find all the essential
elements of driving while intoxicated beyond a reasonable doubt.  The trial court abused its discretion in
granting the judgment non obstante veredicto. 
We sustain the State=s
issue on appeal.

Conclusion 

The trial court=s
judgment is reversed, and the jury=s
verdict convicting Mark Robert McClelland of driving while intoxicated is
reinstated.  The cause is remanded for
the imposition of the thirty-day sentence. 

 

 

RICK STRANGE

JUSTICE

September 21, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.